IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAIGE GALLEGOS,
*Personal Representative of the Estate of*
*Justin Garcia, deceased*,

      Plaintiff,

v.                                                                            No. 1:24-cv-01268-KG-SCY

NEW MEXICO CORRECTIONS DEPARTMENT, et al.,

      Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Paige Gallegos' Motion for Reconsideration, Doc. 23, Defendant New Mexico Corrections Department's ("NMCD") response, Doc. 25, and Plaintiff's Reply, Doc. 26. For the reasons below, the motion is denied.

### I.    *Background*

Justin Garcia died by suicide while he was incarcerated at the Central New Mexico Correctional Facility ("CNMCF"), and Plaintiff alleges that Defendants are responsible for his death. *See* Doc. 11. Plaintiff brought three claims against NMCD and its individual employees under 42 U.S.C. § 1983, alleging that they were deliberately indifferent to Mr. Garcia's suicide risk and that Mr. Garcia was falsely imprisoned before his death. *Id.* at 22, 29.

NMCD moved to dismiss all claims against it and its employees for failure to state a claim and under qualified immunity. *See* Doc. 12. The Court dismissed all three claims with prejudice, denying Plaintiff's request for leave to amend her complaint in the event of dismissal. *See* Doc. 21. Plaintiff now moves for reconsideration of the Court's dismissal and leave to amend her complaint under Federal Rule of Civil Procedure 15 to add a new claim against

NMCD under New Mexico's Civil Rights Act ("NMCRA").  *See* Doc. 23 at 1; *see also* Fed. R. Civ. P. 54(b).

NMCD opposes Plaintiff's motion, arguing that it is "an impermissible attempt to repackage a procedurally defective request...under the guise of reconsideration."  Doc. 25 at 3.

## II.     *Legal Standard*

The Federal Rules of Civil Procedure do not expressly contemplate motions to reconsider.  *See Pueblo of Pojoaque v. New Mexico*, 214 F. Supp. 3d 1028, 1089 (D.N.M. 2016), *aff'd,* 863 F.3d 1226 (10th Cir. 2017) (citation omitted).  Generally, when a party moves for reconsideration of a final judgment within twenty-eight days of the entry of judgment the motion "is treated as a motion to alter or amend the judgment under [Federal Rule of Civil Procedure] 59(e)."  *Id.*  After twenty-eight days, the motion is treated as "a motion for relief from judgment under [Federal Rule of Civil Procedure] 60(b).  *Id.*  Federal Rule of Civil Procedure 54(b), however, clarifies that "every order short of a final decree is subject to reopening at the discretion of the district judge."  *See id*; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12, 103 (1983); *see also* Fed. R. Civ. P. 54(b).

Final judgments are a "decree and any order from which an appeal lies."  Fed. R. Civ. P. 54(a).  When there are multiple claims involving multiple parties, a final judgment as to fewer than all of the parties or claims is only permitted "if the court expressly determines there is no just reason for delay."  Fed. R. Civ. P. 54(b).  Without an express Rule 54(b) certification or judgment as to the entire proceeding, any interlocutory order preserves court discretion "and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  *Id.*; *see also Augustine v. Adams*, 153 F.3d 726 (10th Cir. 1998) (dismissing an appeal for want of final judgment or a Rule 54(b) certification.)

District courts may use "whatever standard [they] want[] to review a motion to reconsider an interlocutory order." *United States v. Loera*, 182 F. Supp. 3d 1173, 1206 (D.N.M. 2016). Courts can "review the earlier ruling de novo and essentially reanalyze the earlier motion from scratch, it can review the ruling de novo but limit its review" or simply "refuse to entertain motions to reconsider altogether." *Id.* A motion for reconsideration, however, is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). As a result, motions for reconsideration are appropriate only when "the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Grounds warranting reconsideration include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012; *see also Ankeney v. Zavaras*, 524 Fed. Appx 454, 458 (10th Cir. 2013) (stating that in considering a motion to reconsider an interlocutory order, the "court may look to the standard used to review a motion made pursuant to Rule 59(e)").

### III.    *Analysis*

For the reasons below, the Court concludes that (A) the Court's prior Order, Doc. 21, was interlocutory and not a final judgment; and (B) reconsideration of the Court's prior Order, Doc. 21, is denied.

**A.       The Court's prior Order, Doc. 21, is interlocutory.**

As a threshold matter, the Court's prior Order dismissing all the federal claims against NMCD and its employees is interlocutory, and therefore "subject to reopening at the distraction" of the Court. *See* Fed. R. Civ. P. 54(b). The Court's Order dismissed all of Plaintiff's claims against NMCD and its employees with prejudice for failure to state a claim and qualified immunity. *Id.* at 14. While the Court's Order effectively ended NMCD's involvement with the case, claims against Defendant Wexford Health Sources remain. As a result, the Order adjudicated "fewer than all the claims or the rights and liabilities of fewer than all of the parties" and "does not end the action." Fed. R. Civ. P. 54(b). So, without an express certification under Rule 54(b), the Court retains jurisdiction over the claims and its prior Order "may be revised" at the Court's discretion. *Augustine*, 153 F.3d at 726.

NMCD argues that because Plaintiff "failed to file her [m]otion within 28 days after entry of the Court's Order" then it "is treated as a motion for relief from judgment under Fed. R. Civ. P. 60(b)(2). Doc. 25 at 4. Not so. The Court's prior Order did not contain an express certification under Rule 54(b), and claims remain against other parties in the suit. Thus, reconsideration of the Court's prior interlocutory Order is evaluated under Rule 54(b).

**B.       Reconsideration of the Court's prior Order, Doc. 21, is denied.**

The Court nevertheless declines to exercise its discretion to reconsider its prior Order, Doc. 21. Plaintiff relies on new "public records about Mr. Garcia's suicide that were not previously available" as an example of evidence not considered by the Court when it decided its prior Order. *See* Doc. 23 at 4; *Servants of Paraclete*, 204 F.3d at 1012 (noting that grounds warranting reconsideration may include "new evidence previously unavailable"). Plaintiff does not, however, request that evidence be used to reconsider either the Court's Order or its analysis.

*See* Doc. 23 at 4 ("The requested amendment does not re-urge dismissed § 1983 theories.").  The evidence instead appears to be offered in support of a new claim altogether: a "focused state-constitutional claim" under the NMCRA that "removes qualified-immunity defenses."  *Id.* at 4, 5.

The purpose of a motion for reconsideration is for a court to "pick[] up where it left off in the prior ruling—not by starting anew." *Pueblo of Pojoaque*, 214 F. Supp. 3d at 1092.  In its prior order, the Court did not consider a claim under the NMCRA because Plaintiff's Amended Complaint did not assert such a claim. *See* Doc. 11.  Rather, the Order addressed the dismissal of Plaintiff's federal claims against NMCD and its employees. *See* Doc. 21.  Plaintiff has not demonstrated that the Court misapprehended the facts, a party's position, or the controlling law in its prior Order. *See Servants of Paraclete*, 204 F.3d at 1012.  Thus, there is no basis for reconsideration.  To the extent that Plaintiff is using a motion for reconsideration as a vehicle to raise new allegations against NMCD, the Court will not consider them.  The Court declines to revisit its prior interlocutory Order, Doc. 21, and accordingly denies Plaintiff's Motion for Reconsideration, Doc. 23.  Plaintiff's request for leave to amend is denied as moot.

## IV.    Conclusion

For the reasons above, Plaintiff's Motion for Reconsideration, Doc. 23, is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

5